**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

ROBERT LEWIS DAVIS, JR., )
                                      )
               Plaintiff, )
                                        )
             v. )          Case No. 4:25-cv-00884-RK
                                        )
EXETER FINANCE LLC, )
                                        )
             Defendant. )

## ORDER

Before the Court are (1) Defendant Exeter Finance LLC's motion to dismiss under Rule 12(b)(6) for failure to state a claim, (Doc. 4), and (2) Plaintiff Robert Lewis Davis Jr.'s pro se motion for leave to file a sur-reply, (Doc. 8). The motions are fully briefed. (Docs. 5, 6, 7, 9, 10.) After careful consideration and review, and for the reasons explained below, the Court **ORDERS** that (1) Defendant Exeter Finance's motion to dismiss for failure to state a claim, (Doc. 4) is **GRANTED**, and (2) Plaintiff's pro se motion for leave to file a sur-reply, (Doc. 8), is **DENIED**. Accordingly, the Court **FURTHER ORDERS** that Plaintiff's pro se complaint is **DISMISSED** for failure to state a claim.

### Background

On September 16, 2025, Plaintiff purchased a brand new 2026 Ram 1500 Rebel GT for approximately $71,000 from a Cable Dahmer dealership in Kansas City, Missouri. (*See* Doc. 1-5.) Plaintiff provided a down payment in cash of $21,695 and financed the remaining balance of $46,500. (*See id.*)

Approximately one week later, on September 22, 2025, Plaintiff sent via certified mail a "Conditional Acceptance and Notice of Tender for Full Satisfaction" to the lienholder, Defendant Exeter Finance, LLC.[1] (Doc. 1-2.) The letter cited UCC § 3-311 and § 400.3-311, RSMo (Missouri's codification of UCC § 3-311). (*Id.* at 1.) It stated "a good-faith belief that a bona fide dispute exists regarding" (1) "[t]he possible securitization or assignment of the original retail installment contract," (2) "[l]ack of full remittance or accounting for funds already received or

---

[1] Exeter Finance purchased the Retail Installment Contract and Promissory Note from the dealership at the same time as Plaintiff's purchase of the truck. (*See* Doc. 1-3 at 7.)

transferred on my behalf," and (3) "[u]ncertainty surrounding [Exeter Finance's] status as a holder in due course or real party in interest." (*Id.*)  The letter further stated that Plaintiff would "be tendering a negotiable instrument in the amount of $1,030.42," as "full satisfaction of the account for the referenced billing period."[2]

A few weeks later, on October 12, 2025, Plaintiff sent to Exeter Finance a "Tender of Payment in Full Satisfaction – Account Number 5952504." (Doc. 1-3.)  He attached a check in the amount of $1,032.42 as "full satisfaction of the referenced account and obligation." (Doc. 1-3.)  The check included the following notation: "tender in full satisfaction of account under UCC 3-311."  Defendant Exeter Finance returned the check to Plaintiff on October 28, 2025, stating that "we are unable to process the transaction due to form of payment not an acceptable instrument," and requesting that Plaintiff "resubmit the funds in US Dollars at your earliest convenience." (Doc. 1-6.)  On the same day, Plaintiff sent to Exeter Finance by certified mail a "Final Administrative Notice – Dishonor and Default – Account No: 5952504," attaching a "sworn Affidavit of Non-Response and Certificate of Dishonor" related to the check he previously sent. (Doc. 1-4.)

Plaintiff alleges that by returning the check, Defendant Exeter "refused lawful tender in violation of UCC § 400.3-603(b),[RSMo]," and therefore seeks "full satisfaction of the account as stated on the instrument [i.e., the check]." (Doc. 1 at 5.)  Plaintiff further alleges that Defendant Exeter "failed to release the lien, discharge the obligation, or provide a lawful accounting despite receiving prior notices including the Affidavit of Non-Response and Certificate of Dishonor dated October 27, 2025." (*Id.* at 7.)  Plaintiff seeks "a declaratory judgment that the debt was discharged under UCC §§ 400.3-311 and 400.3-603 [RSMo], release of lien, and return of $21,695.00 plus related costs and punitive damages [of $55,000] for willful refusal of lawful tender." (*Id.* at 8, 9.)  The pro se complaint also seeks damages for "breach of contract" and "unjust enrichment for account securitization." (*Id.* at 4.)

## Legal Standard

To survive a motion to dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim is facially plausible where the plaintiff

---

[2] The Retail Installment Sale Contract indicated the "payment schedule" of the corresponding auto loan to be 75 monthly payments in the amount of $1,030.42.  (Doc. 1-5 at 1.)

2

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Ark. Dep't of Hum. Servs.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks omitted). While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully to survive a motion to dismiss. *Id.* (citation omitted). While the Court will liberally construe Plaintiff's pro se complaint, it still "must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## Discussion

### I. Plaintiff's Pro Se Complaint

Plaintiff's pro se complaint primarily asserts "pure statutory commercial claim[s]" under Missouri's enactment of the Uniform Commercial Code for accord and satisfaction under § 400.3-311, RSMo, and wrongful refusal to accept tender under § 400.3-603(b), RSMo. The Court also addresses Plaintiff's claims for breach of contract and unjust enrichment as set out in the complaint as well.

### A. Accord and Satisfaction, Mo. Rev. Stat. § 400.3-311

Under § 400.3-311, RSMo, a "claim" may be discharged by accord and satisfaction if the person against whom a claim is asserted proves: (1) "that person in good faith tendered an instrument to the claimant as full satisfaction of the claim," (2) "the amount of the claim was unliquidated or subject to a bona fide dispute," and (3) "the claimant obtained payment of the instrument" which "instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim." § 400.3-311(a), (b).

Missouri's accord and satisfaction statute applies to "disputes where parties reasonably believe that a payment made actually satisfies the amount that is owing and outstanding on a debt, while the opposing party reasonably believes that a different amount is outstanding, however for whatever reason knowingly accepts lesser payment in accord and satisfaction of the debt." *In re Covington*, 439 B.R. 750, 751 (E.D. Bankr. 2010) (citing *CGI Silvercote, Inc. v. Custom Warehouse, Inc.*, 77 S.W.3d 699 (Mo. Ct. App. 2002)). In *In re Covington*, the Eastern District Bankruptcy Court found that as to the first element, "[o]ne cannot claim a good faith tender . . . in full satisfaction of a debt when one has knowledge of the full amount of the debt and then tenders in effect 8/100ths of 1% of the full amount of the debt." *Id.* The same reasoning applies here. A

3

tender of 1 of 75 payments or 2 percent of the full amount of the debt, as a matter of law, is not a good faith tender in full satisfaction of a debt. Moreover and in addition, Exeter Finance returned the check and did not accept it. *See Cole Assocs., Inc. v. Holsman*, 391 N.E.2d 1196, 1198 (Ind. Ct. App. 1979) (finding no accord and satisfaction as to check tendered in an amount less than the amount billed with the notation that "[n]egotiation of this check constitutes payment in full of all sums due," where payee did not cash the check) (applying Indiana law).

For these reasons, Plaintiff fails to state a plausible claim for accord and satisfaction under § 400.3-311(a), (b), RSMo.

**B.      Wrongful Dishonor or Refusal of Tender, Mo. Rev. Stat. § 400.3-603(b)**

Next, the Court considers Plaintiff's claim for wrongful dishonor or refusal of tender under § 400.3-603(b), RSMo. Plaintiff asserts that Exeter Finance's "refus[al] to honor Plaintiff's lawful Tender of Payment" when it returned his check "denied Plaintiff the right to discharge [the loan] obligation under" § 400.3-603(b). Section 400.3-603(b) provides:

> If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an endorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

As the Eastern District has recognized, this provision of the UCC, as codified under Missouri law, "relates to the right of endorsers and accommodation parties," not the party or primary obligor himself. *Jones v. Wells Fargo Home Mortg.*, No. 4:13CV1762 CDP, 2014 WL 307055, at *3 (E.D. Mo. Jan. 28, 2014). Even to the extent it did apply here, § 400.3-603(b) would operate only to discharge the amount of the tender, not the entire balance owed. *See Tripoli v. Branch Banking & Trust Corp.*, No. 2:12-CV-125-DN, 2012 WL 2685090, at *4 (D. Utah July 6, 2012) (applying Utah's codification of UCC § 3-603(b)). Plaintiff alleges no facts to plausibly demonstrate that tender of the check made in an amount of $1,032.42 reflects "readiness, willingness and ability to pay" the full amount of the debt, $46,500, "full satisfaction" notation or not. *See North Star Apartments v. Goppert Bank & Trust Co.*, 657 S.W.2d 253, 256-57 (Mo. Ct. App. 1983) ("tender for only one installment then due was insufficient").

For these reasons, the Court finds that Plaintiff fails to state a plausible claim for relief under § 400.3-603(b), RSMo, as well.[3]

---

[3] Plaintiff refers in his briefing to "the first sentence of § 3-603(b)" and "the first operative clause"

4

Case 4:25-cv-00884-RK      Document 11      Filed 04/14/26      Page 4 of 6

## C. Breach of Contract and Unjust Enrichment

Finally, to the extent Plaintiff's pro se complaint references any claim for breach of contract or "unjust enrichment from account securitization," Plaintiff sets forth no facts at all in support of either claim.[4] For example, Plaintiff does not allege any non-speculative or non-conclusory facts that his auto loan has been securitized (let alone that it was wrongfully securitized) beyond the abstract suggestion that it *may* have been securitized since securitization of auto loans appears to be part of Exeter Finance's overall business model. *See also Wittenberg v. First Indep. Mortg. Co.*, No. 3:10-CV-58, 2011 WL 1357483, at *15 (N.D.W.V. Apr. 11, 2011). And even if it *had* been securitized, "[s]ecuritization merely creates a separate contract, distinct from [a] Plaintiff['s] debt obligation[] . . . and does not change the relationship of the parties in any way." *Wilson v. Bank of Am., N.A.*, No. C12-1532JLR, 2013 WL 275018, at *8 (W.D. Wash. Jan. 24, 2013) (internal

---

as a "[p]rimary obligor rule: refusal of tender discharges the obligation to the extent of the tender amount," compared to the "[s]econd obligor rule: refusal of tender discharges an endorser/accommodation party's recourse obligation." (Doc. 6 at 6.) In his motion for leave to file a sur-reply, Plaintiff appears to suggest that this reference to "the first sentence of § 3-603(b)" may actually refer to subsection (a) of § 400.3-603. Throughout the complaint and the briefing, however, Plaintiff specifically and explicitly refers to subsection (b) of § 400.3-603; his motion for leave to file a sur-reply is the first mention of subsection (a).

Nevertheless, subsection (a) of § 400.3-603, RSMo, states: "If tender of payment on an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract." Again, there is no allegation that Exeter Finance agreed to accept the check in satisfaction of Plaintiff's loan obligation. Accordingly, Plaintiff has not alleged facts to demonstrate a plausible claim under § 400.3-603(a), either. *See Ouch v. Fed. Nat'l Mortg. Ass'n*, 799 F.3d 62, 67 n.4 (1st Cir. 2015) (recognizing that the same UCC provision codified under Massachusetts law "ultimately turns on whether the [loan] servicers entered into a legally-enforceable arrangement with the intent to pay off the mortgages"); *Wiggins v. Wells Fargo & Co.*, No. 3-09-CV-2003-N, 2010 WL 342246, at *3 (N.D. Tex. Jan. 29, 2010); *Werner v. Am. Home Mortg. Corp.*, No. 1:05CV01106, 2006 WL 8447847, at *4 (M.D.N.C. Sept. 5, 2006) (noting that under North Carolina law, "tender occurs when an actual presentment of funds sufficiently extinguishes the entire debt"). This provision simply means that "the law of tender generally applicable to simple contracts is also applicable to negotiable instruments." *Telemark Dev. Grp., Inc. v. Mengelt*, 313 F.3d 972, 977 n.7 (7th Cir. 2002). Even if Plaintiff did mean to refer to § 400.3-603(a), the Court would find that the complaint fails to state a plausible claim for relief under this subsection, as well.

[4] In the motion to dismiss briefing, neither party addressed any claim for breach of contract or unjust enrichment as asserted in the complaint. Both parties focused exclusively on Plaintiff's UCC claims. Nonetheless, the Court has discretion to sua sponte dismiss these additional claims for which the complaint wholly fails to allege any non-speculative or non-conclusory facts. *See McCoy v. Carter-Jones Timber Co.*, 352 F. App'x 119, 121-22 (8th Cir. 2009) (citing *Smith v. Boyd*, 945 F.2d 1041, 1042-43 (8th Cir. 1991)); *Phelps v. U.S. Bureau of Prisons*, 62 F.3d 1020, 1022 (8th Cir. 1995) (recognizing that a district court may sua sponte dismiss a complaint for failure to state a claim so long as service of process has been completed); *Uka v. Mama's Bar & Grill Restaurant*, No. 4:06-CV-29 CAS, 2006 WL 1752293, at *5 (E.D. Mo. June 23, 2006).

quotation marks omitted).  Neither does Plaintiff allege any facts supporting a claim for breach of contract.  *See Wingo v. State Farm Fire & Cas. Co.*, No. 13-3097-CV-S-FJG, 2013 WL 5538776, at *2 (W.D. Mo. Oct. 8, 2013) (a breach-of-contract claim requires facts plausibly showing (1) a contract between the parties, (2) "mutual obligations arising under [the contract's] terms," (3) a party's failure to perform its obligations imposed under the contract, and (4) that "the party seeking recovery was thereby damaged").

Accordingly, the Court also finds that Plaintiff fails to state a plausible claim for breach of contract or unjust enrichment.

## II.    Plaintiff's Pro Se Motion to File a Sur-Reply

Plaintiff filed a pro se motion for leave to file a sur-reply.  (Doc. 8.)  The motion for leave to file a sur-reply is fully briefed.  (Docs. 9, 10.)  Plaintiff seeks leave to file a sur-reply because of "new legal arguments and interpretations" asserted in Exeter Finance's reply in support of its motion to dismiss.  As this Court has recognized, "[w]hile new arguments that could have been raised in the opening brief are not appropriate subjects in a reply brief, a reply brief is *supposed* to address arguments made" in the course of the parties' briefing a motion to dismiss.  *Turner v. ILG Techs., LLC*, No. 2:21-cv-04192-NKL, 2023 WL 12179851, at *2 (W.D. Mo. Feb. 1, 2023).  The reply brief did not introduce wholly new legal arguments that were not addressed in the motion to dismiss and simply responded to arguments made in Plaintiff's own brief in response to the motion to dismiss.  Plaintiff's motion for leave to file sur-reply is **DENIED**.

### Conclusion

Therefore, after careful consideration and review, and for the reasons explained above, the Court **ORDERS** that (1) Defendant Exeter Finance's motion to dismiss for failure to state a claim, (Doc. 4) is **GRANTED**, and (2) Plaintiff's pro se motion for leave to file a sur-reply, (Doc. 8), is **DENIED**.  Accordingly, the Court **FURTHER ORDERS** that Plaintiff's pro se complaint is **DISMISSED** for failure to state a claim.

**IT IS SO ORDERED**.


s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  April 14, 2026